## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRICON ENERGY | * | CIVIL CASE NO.: |
| Plaintiff, | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| KOLMAR GROUP AG, | * | |
| STOLT NIELSEN LIMITED, and the | * | MAGISTRATE JUDGE: |
| M/T STOLT CALLUNA, and her | * | |
| engines, boilers, tackle, etc. *in rem* | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

## **VERIFIED COMPLAINT**

PLEASE TAKE NOTICE, that Plaintiff, TRICON ENERGY("TRICON"), through its attorneys, PUGH ACCARDO, LLC, as and for a Complaint against Defendants, KOLMAR GROUP AG ("KOLMAR"), STOLT NIELSEN LIMITED ("STOLT"), and M/T STOLT CALLUNA, and her engines, boilers, tackle, etc. (VESSEL") *in rem,* alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Plaintiff, TRICON, is a corporation duly organized and existing pursuant to the laws of Texas with offices and a place of business located at 1600 Post Oak Blvd. 18th Floor, Houston, Texas 77066, USA.

3. Defendant, KOLMAR, is a foreign business entity organized and existing pursuant to the laws of Switzerland with offices and a place of business located at Baarerstrasse 18 6300 Zug Switzerland.

1

4. Defendant, STOLT is a foreign business entity organized and existing pursuant to the laws of Norway with offices and a place of business located at 4th Floor, Aldwych House 71-91 Aldwych London, WC@B 4HN, United Kingdom.

5. Defendant VESSEL is a motor tanker ve2023, under the operation or ownership of STOLT at all times relevant and carried a cargo of about 755 MTS of Styrene (the "CARGO") on or about Oct. 30, 2023 to Rotterdam, The Netherlands, from New Orleans, La. arriving on or about Nov. 26, 2023 and is now or will be during the pendency of this Action within the jurisdiction of this District and Court.

6. On or about Sept. 15, 2023 Plaintiff, TRICON, as Purchasers, and Defendant, KOLMAR, as Sellers and Disponent Owners of the VESSEL, entered into a contract whereby KOLMAR would deliver the CARGO in Rotterdam to TRICON under INCOTERM DAP in like good order and condition as loaded at the Port of New Orleans, La. and TRICON would purchase the CARGO after its safe ocean transportation from New Orleans to Rotterdam.

7. Defendant KOLMAR breached the Contract of Sale and Charter Party, breached its warranty of to handle and safely care for the CARGO, negligently cared for the CARGO, allowed an unseaworthy vessel to be employed by it and damage the CARGO, but instead unlawfully and in contravention of the agreed-upon terms failed to safely carry and deliver the CARGO in a sound condition, instead causing it to suffer contamination and a diminution in value together with ancillary damages to TRICON totaling at least $600,000 as best as can now be assessed in the form of a claim against TRICON from the intended purchaser of the CARGO from TRICON.

8. Defendants STOLT and the VESSEL breached the contract of affreightment , Bills of Lading and Charter Party pursuant to which the CARGO was carried, breached their several and joint warranty to handle and safely care for the CARGO, negligently cared for the CARGO, allowed the VESSEL to be in an unseaworthy condition and to be employed by it and damage the CARGO, by unlawfully and in contravention of the agreed-upon contract terms failing to safely carry and deliver the CARGO in a sound condition, instead causing it to suffer contamination and a diminution in value together with ancillary damages totaling at least $600,000 as best as can now be assessed.

9. As a result of the foregoing, Plaintiff has incurred a claim for and will continue to incur damages, costs and expenses for which Defendants and each of them, jointly and severally, is liable under the terms of the charter party agreement, sale agreement and at law.

10. Plaintiff has placed Defendant KOLMAR on notice of its claim.

11. Despite Plaintiff's demands, Defendant KOLMAR has failed to pay the amounts due and owing to Plaintiff under the agreements and at law.

12. As a result of Defendants' KOLMAR, STOLT and the VESSEL's breach of the agreement, breach of warranty, negligence, allowing cargo to be carried on an unseaworthy vessel causing damage to the CARGO and other faults each, jointly and severally, caused Plaintiff to sustain damages or will sustain damages as best as can now be estimated, no less than $600,000.00 which TRICON seeks to recover from the Defendants and each of them jointly and severally.

WHEREFORE, Plaintiff prays::

A. That process in due form of law may issue against Defendants; that if

Defendants cannot be found within this District, that all of their property within this District be attached in the amount set forth in this Complaint, with interest and costs.

   B. That judgment be entered in favor of Plaintiff TRICON against Defendants in the amount of $455,953.46 for loss of profits claimed by a contract partner to TRICON which was entitled to receive the CARGO in a sound condition from TRICON, extra costs owed to said contract partner in the amount of Euro 60,152.511 and TRICONN's own extra costs now calculated to be no less than $85,000, together with interest and costs; totaling as near as can now be calculated no less than $600,000.00.

   C. That Plaintiff TRICON have such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ David L. Carrigee
_____
DAVID L. CARRIGEE (#3892), T.A.
CHRISTOPHER CAREY (#1751)
Energy Centre – Suite 3600
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 312-4708
Facsimile: (504) 799-4520
Email: dcarrigee@pugh-law.com
   ccarey@pugh-law.com

ATTORNEY VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

1. My name is David L. Carrigee.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff TRICON, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint, and the contents thereof are true and accurate to the best of my knowledge, information, and belief.

5. The reason that this Verification was made by me and not the Plaintiff TRICON is that the Plaintiff TRICON is a corporation none of the officers of which are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff TRICON and its counsel, all of which I believe to be true and accurate.

_____

SWORN TO BEFORE ME ON THIS
26TH DAY OF November 2024

_____
JOHN A. STEWART, JR.
Bar No. 8164
My Commission is for Life

5